Judge Robertson
delivered the opinion of the Court.
The complainant below and nowplaintiff in error, charges in his bill, filed in the Clarke circuit court, against Wm. Webb and Jno. Young, that in 1822, he made a parol contract with said Webb, as the agent of Geo. Webb, oflllinois for the purchase of a house and Jot of said George, in the town of Winchester in said county, for which he agreed to give $600 in notes on the Bank of the Commonwealth, and $600 in cabinet work—that he paid the $600 in Commonwealth’s paper and $324 in cabinet work, and was ready and willing to pay the remaining $276 according to his contract, but was prevented, by the conveyance of the said house and lot by George Webb to defendant Young, in December 1822, who paid the said sumof$)276 to Webb, and was fully acquainted with all the foregoing facts. The prayer of the bill is for an enforcement of a supposed equitable lien on the house and. lot, for the advances alleged to have been made by Hickey, or a decree for the value of those advances against the defendants.
Answer of Will. Webb.
Young’s answer.
Proofs..
Decree of the circuit court dismissing the bill.
By an amended bill, George Webb is prayed to be made defendant.
William Webb, in his answer, denies that he ever made any contract whatever with Hickey for the house andfiot, but avers that the contract was made with his co-defendant Young, who made all the payments, and consequently obtained a deed.
Young answered to the same effect; and also avers that he delivered $700 in Commonwealth paper to Hickey, to pay to Webb, only $600 of which he paid, exhibits Webb’s bond to himself for a title to the house and lot, dated in September, 1822, and insists that Hickey owes him, for which he asks a decree. He admits that Hickey, (who is a cabinet workman) made the furniture (excepting one bureau,) which was paid to Webb; and stales that Hickey, because be was his son-in-law, was permitted to live lor nearly twoyears in the house after his purchase.
There is no proof of a contract between Hickey and Webb, and consequently Webb was improperly made a defendant.
It is proved by two witnesses that Young admitted that he had given Hickey $700 with directions to purchase for the use of his wife (who was Young’s daughter) a female slave or a house to live in; and that Hickey furnished all the furniture advanced to Webb, except one bure.au. It is also proved that Hickey stated, that Young would be dissatisfied with his retention of the $1.00; and for some private reason, the title to the lot was to be in YTungjand Young further proved that the contract was made by him, and that Hickey was present when the bond for title was executed to him and made no objection.
The court below having dismissed the bill and decreed to the defendants costs, the plaintiff in error questions the propriety of the decree.
Three points are embraced in the assignment of errors.
The first and most important is, whether there was error in dismissing the bill.
Resulting trusts must be positi, e:alleged and indisputably proved.
Depositiontaken a second j*1”®’ 00urt erroneous; but noÉ a‘iiv;ctod, no cause reversal,
If the evidence had proved any facts from- which-an equitable lien could be reasonably deduced, or a resulting trust inferred, a bill might have been sustained ; but there is not even the semblance of evidence tending to prove a lien. The contract having been made by, and in the name of Young, and with the knowledge and assent, and in the presence of Hickey, there seems to be no analogy between this case and any of those in which an equitable lien exists. Nor can the court admit that there is sufficient evidence of a trust between Hickey and Young to authorise a decree on that ground in favor of Hickey. Justice and-policy, as well as unquestionable authorities to be found in the decisions of this court and elsewhere, require that such trusts eveu when positively alleged, should' be indisputably proved. Such is not, in our opinion,, the evidence in this case; and if it were, it could not avail, because the bill contains no allegation or prayer to which it could be applied. Hickey seems never to have thought of such a relation between himself and Young, as would create a trust which would entitle him to relief on that ground.
The most that can be presumed in favor of Hickey is, that Young intended to hold the title for the benefit of his daughter. - This could not affect the case, even if the bill had relied on a trust resulting from parol evidence of facts; and on the facts proved, the Chancellor should not sustain a bill for the value of the furniture and money alleged to have been paid by Hickey. We concur,therefore, with the court below, inthe opinion that the bill ought to have-been dismissed.
The second point embraced in the assignment of errors, should have no influence—for although it was irregular to suffer a second deposition of the same, witness, taken without leave, to be read, the one ob-, jected to in this case did not affect the decision;- without it, the equity of Hickey according to the view already taken, was unsupported. If this deposition had been excluded, the decision should have been as it was. Erroneously admitting it, therefore, its rejection could not in the slightest degree have operated to the plaintiff’s advantage, can not he objected to by him.
It is no objection by complainant to a decree, that it embraces a defendant who had not incurred cost..
■One named a defendant, but not served with proses?, advertised against,, or otherwise appearing, is no party.
Complainant not barred of his appropriate remedy, by dismissal of his inappropriate bill.
Whether it is proper to decree costs in any case in favor of a defendant, who is before the court, only by constructive service, which is the third and last point presented for consideration, it is unnecessary now to decide; because, first, it does not appear in this case that there could be.any costs to tax in favor of George Webb, and consequently, if he is embraced in the decree for costs, the plaintiffcan not be prejudiced.
Second'; it cannot be fairly construed, that a decree that the defendants should have costs, would entitle an individual to costs who was not before the court, either by appearance, actual service of process or regular advertisement for two months: And we have not seen that George Webb became a defendant in either of these modes. The order we think was not published two months; but if it had been, we should not consider him entitled, by a reasonable application of the decree, to costs.
It is, therefore, the opinion of the court, that there is no error in the decree of the circuit court.
, If Hickey made any contract with Young, in relation to the house and lot—if he, on request, furnished him with money or property—or appropriated either to his use, he may still have redress by an appropriate remedy, and the exhibition of satisfactory proof.
The decree is affirmed with costs..